[Civ. No. 1783.   First Appellate District.—June 15, 1916.]

## CLARENCE C. BURR, Respondent, v. BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

TAXES ILLEGALLY COLLECTED—DEMAND FOR PAYMENT—MANDAMUS—PLEADING—SUFFICIENCY OF COMPLAINT.—In a suit for a writ of *mandamus* to compel the supervisors of the city and county of San Francisco to approve and allow a claim for the payment of a judgment for the recovery of taxes illegally collected by the city and county, where the complaint set forth with great circumstantiality the history and nature of the claim, and after doing so averred plaintiff "presented his claim and demand to said board," the statement sufficiently shows that it was the detailed claim and demand of plaintiff which was brought before the board for its approval, and the complaint was sufficient as against either a general demurrer or a special demurrer for uncertainty.

ID.—CLAIM NOT PAYABLE OUT OF PARTICULAR FUND—APPROVAL BY BOARD.—The claim for payment of a judgment for the recovery of certain taxes illegally collected by the city and county of San Francisco is one which is not required to be payable out of the revenues of any particular year or fund, but is a claim that the board of supervisors is bound to audit and approve, and the city is required to pay, irrespective of the provisions of the charter relative to the incurring of indebtedness or payment of claims in excess of the revenues of the city for any particular year.

ID.—PRESENTATION OF CLAIMS TO SUPERVISORS—USUAL PRACTICE—MANDAMUS.—Where the usual procedure in the city and county of San Francisco with reference to the allowance and payment of claims is that they shall first be presented to the board of supervisors for its approval, which procedure plaintiff pursued on a claim for payment of a judgment for the recovery of taxes illegally collected by said city and county, plaintiff is entitled to a writ of *mandamus* requiring the board to follow the usual custom in this respect.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, and Harry G. McKannay, Assistant City Attorney, for Appellants.

Drown, Leicester & Drown, for Respondent.

THE COURT.—This is an appeal from a judgment directing the issuance of a peremptory writ of mandate, commanding the defendants, as members of the board of supervisors of the city and county of San Francisco, to approve and allow the claim and demand filed with said board by the plaintiff, for the payment by said city and county of a judgment for the recovery from said corporation of certain taxes illegally collected by it.

It is the contention of the appellants that its demurrer to the complaint upon the ground of uncertainty should have been sustained, said uncertainty consisting in the absence from said complaint, as appellants insist, of a statement of the nature of the claim and demand, the detail of which was presented to the board of supervisors. An examination of the complaint, however, shows that the pleader set forth with great circumstantiality the history and nature of his claim, and after doing so averred that "he presented his claim and demand to said board." We think this statement sufficiently shows that it was the detailed claim and demand of the plaintiff which was before the board for its approval, and that the complaint was therefore sufficient as against either a general or special demurrer.

We are of the opinion also that the claim and demand of the plaintiff was one which was not required to be payable out of the revenues of any particular year or fund, but was a claim that the board of supervisors was bound to audit and approve, and that the city was required to pay, irrespective of the provisions of the charter relative to the incurring of indebtedness or payment of claims in excess of the revenues of the city for any particular year.

The final contention of the appellants is that this claim being of that nature, was not one which it was requisite should be presented to the board of supervisors at all, and hence that they were not called upon to act upon or approve it. It is conceded, however, that the usual procedure in said city with reference to the allowance and payment of claims is that they shall first be presented to the board of supervisors for its approval, and that the plaintiff herein was pursuing such procedure. This being so, he was entitled to have the writ issued requiring the board to follow the usual custom in respect to the approval and payment of claims against said city.

Judgment affirmed.